Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MUNICIPIO DE BARCELONETA<br><br>Recurrido<br><br>v.<br><br>COMPAÑÍA A Y OTROS<br><br>Peticionarios | KLCE202301374 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CA2023CV00560<br><br>Sobre: Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el juez Adames Soto, la juez Aldebol Mora y el juez Marrero Guerrero[1].

Aldebol Mora, Juez Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 8 de febrero de 2024.

Comparece la parte peticionaria, Sucesión de Jorge Rodríguez Nazario, mediante el recurso de epígrafe y nos solicita que revoquemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 3 de octubre de 2023. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 24 de febrero de 2023, el Municipio de Barceloneta (Municipio o recurrido) incoó una *Demanda* sobre cobro de dinero en contra de Cidra Excavation, Inc., Cidra Excavation, S.E. (Sociedad Especial), Cidra Excavation, LLC (Cidra), Fideicomiso Quintana Pérez (Fideicomiso) y la Sucesión de Jorge Rodríguez Nazario (Sucesión o peticionaria), en representación del causante Jorge Rodríguez Nazario (Rodríguez

---

[1] Mediante Orden Administrativa OATA-2024-017 de 25 de enero de 2024, se designó al Hon. Ricardo Marrero Guerrero en sustitución del Hon. Abelardo Bermúdez Torres, quien se inhibió en el recurso.

Número Identificador

RES2024 _____

Nazario), uno de los socios de la Sociedad Especial.[2] En síntesis, indicó que, el 20 de septiembre de 2011, la Sociedad Especial, por medio de su presidente y socio Israel Quintana Luciano (Quintana Luciano) y el Departamento de Transportación y Obras Públicas (DTOP) otorgaron un contrato de obras para el Municipio. Alegó que dicho contrato fue afectado por un soborno realizado por Quintana Luciano a un empleado del Municipio para influenciar y asegurar el referido contrato, así como los pagos correspondientes al cumplimiento de este. Señaló que, el 20 de febrero de 2013, otorgó un contrato sobre obras y mejoras públicas con la Sociedad Especial para finalizar la obra comenzada por el DTOP. Según adujo, dicho contrato, fue firmado por Quintana Luciano, quien –cinco días antes que venciera el contrato– realizó una alegación de culpabilidad ante la Corte Federal para el Distrito de Puerto Rico en un pleito sobre soborno. Arguyó que la Sociedad Especial y Quintana Luciano les causó daños por el incumplimiento con su deber contractual de informar de manera continua si existía una investigación criminal en contra de Quintana Luciano, según exigía el referido contrato, así como otras leyes de anticorrupción. Sobre ese particular, argumentó que la cláusula trigésima sexta de dicho contrato establecía que la Sociedad Especial debía certificar en cada factura, bajo pena de nulidad absoluta, que se afectaría el contrato si fuera objeto de ciertos delitos, como el soborno en todas sus modalidades.

El Municipio alegó en la acción de epígrafe que, luego de la mencionada convicción, Quintana Luciano renunció a la Sociedad Especial y creó el Fideicomiso con su esposa, a favor de sus hijos, y traspasó su parte de los activos de la Sociedad Especial al Fideicomiso. Según planteó, dicho acto fue realizado por Quintana Luciano con el propósito de evadir la responsabilidad de restituir los fondos públicos afectados por sus actos de corrupción. Además, indicó que los demás socios disolvieron la Sociedad Especial y, por medio de familiares, crearon otra personalidad jurídica con un nombre similar (Cidra Excavation, LLC). En virtud de ello, en esencia,

---

[2] Apéndice IV del recurso, págs. 17-49.

solicitó que se declarara la nulidad absoluta del contrato suscrito con la Sociedad Especial y se ordenara la devolución de la totalidad de los fondos públicos que le fueron desembolsados a la Sociedad Especial, equivalentes a $88,296.25.

Luego de varios trámites procesales, el 5 de junio de 2023, la Sucesión instó una *Moción en Solicitud de Desestimación*, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[3] En esencia, argumentó que en la acción de epígrafe no se realizó ninguna alegación en su contra, ni se le imputó acción u omisión alguna, pues en la demanda únicamente se alegó que Rodríguez Nazario era socio de la Sociedad Especial. Adujo que todas las alegaciones esbozadas en la demanda intentaban establecer una presunta nulidad de un contrato entre la Sociedad Especial y el Municipio. Sobre ese particular, arguyó que no había comparecido al referido contrato y que cuando este se suscribió la Sociedad Especial tenía personalidad distinta y separada a la Sucesión. Por ello, sostuvo que la única reclamación en su contra era por tener interés propietario en una entidad jurídica con personalidad propia. Argumentó que, en la acción de epígrafe, no había alegación alguna sobre descorrer el velo corporativo de la Sociedad Especial con relación a la Sucesión, por lo que procedía la desestimación del caso en cuanto a esta. Por otro lado, planteó que, de proceder la causa de acción en su contra, esta estaba prescrita, pues no existía relación contractual alguna entre las partes y había transcurrido más de diez (10) años desde que se conoció el alegado incumplimiento que presuntamente le ocasionó daños al Municipio.

En respuesta, el 26 de junio de 2023, el Municipio se opuso.[4] Sostuvo que, por tratarse de un acto de corrupción gubernamental, todos los socios incorporados de la Sociedad Especial, con su silencio, eran responsables de restituir los fondos públicos, independientemente de la personalidad jurídica de la Sociedad Especial. Alegó que Rodríguez

---

[3] Apéndice VI del recurso, págs. 129-135.
[4] Apéndice VII del recurso, págs. 136-141.

Nazario, como socio de la Sociedad Especial, debió conocer los actos fraudulentos de Quintana Luciano. Sobre ello, adujo que, al optar por guardar silencio, Rodríguez Nazario se convirtió en cómplice del acto fraudulento de su socio Quintana Luciano. Argumentó que se debía excluir a la Sucesión del mandato protector de la persona jurídica sobre las obligaciones de la Sociedad Especial. En cuanto al planteamiento de la Sucesión sobre prescripción, sostuvo que el acto de soborno por el cual se vio afectado el contrato en cuestión y los pagos realizados, constituía un incumplimiento contractual que resultaba en su nulidad absoluta, lo cual era imprescriptible.

Evaluadas las posturas de las partes, el 3 de octubre de 2023, el Tribunal de Primera Instancia emitió la *Orden* que nos ocupa.[5] En esta, declaró No Ha Lugar la moción de desestimación presentada por la Sucesión.

En desacuerdo, el 16 de octubre de 2023, la Sucesión solicitó una reconsideración,[6] a la cual el Municipio se opuso.[7] Atendidos los escritos, el 9 de noviembre de 2023, notificada al día siguiente, el foro *a quo* declaró No Ha Lugar la referida moción de reconsideración.[8]

Inconforme con dicha determinación, el 6 de diciembre de 2023, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al proveer No Ha Lugar la solicitud de desestimación presentada por la Sucesión de don Jorge Rodríguez Nazario, cuando el señor Rodríguez Nazario ni ninguno de los miemb[r]os de la Sucesión fueron parte del contrato entre el Municipio de Barceloneta y Cidra Excavation[,] S.E.
>
> Erró el Honorable Tribunal de Primera Instancia al proveer No Ha Lugar la solicitud de desestimación presentada por la Sucesión de don Jorge Rodríguez Nazario y[,] de esa forma[,] imputarle responsabilidad al señor Rodríguez Nazario por una deuda de la Sociedad.
>
> Erró el Honorable [Tribunal] de Primera Instancia al proveer No Ha Lugar la solicitud de desestimación presentada por la

---

[5] Apéndice I del recurso, págs. 1-2.
[6] Apéndice II del recurso, págs. 3-14.
[7] Apéndice VIII del recurso, págs. 142-148.
[8] Apéndice III del recurso, págs. 15-16.

Sucesión de don Jorge Rodríguez Nazario, y de esa forma violentar la sección 4 de la Escritura de Sociedad Especial.

En cumplimiento con nuestra *Resolución* del 8 de diciembre de 2023, la parte recurrida compareció mediante *Moción Mostrando Causa Oponiéndose a Expedición de Certiorari* el 20 de diciembre de 2023.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios,

anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García*

*v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co*., 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En síntesis, la parte peticionaria plantea en su primer señalamiento de error que el Tribunal de Primera Instancia erró al declarar No Ha Lugar su solicitud de desestimación, al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*. Argumenta que ni Rodríguez Nazario ni ninguno de los miembros de su Sucesión fueron parte del contrato suscrito entre el Municipio y la Sociedad Especial. Como segundo señalamiento de error, arguye que el foro primario incidió al imputarle responsabilidad a Rodríguez Nazario por una deuda de la Sociedad Especial. Por último, en su tercer señalamiento de error, sostiene que el proceder del foro *a quo* violentó la sección 4 de la Escritura de Sociedad Especial.

Luego de un examen sosegado del expediente ante nos, determinamos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Considerando las alegaciones bien hechas de la demanda, interpretadas de la forma más liberal y favorable posible para la parte demandante –aquí recurrida–, colegimos que, en el caso de autos, no hay ausencia total de planteamientos que puedan justificar la concesión de un remedio en esta etapa de los procedimientos. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen, en lo pertinente, no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la *Moción en Solicitud de Desestimación*, promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que nos ocupan, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones